SANTOS, PLAINTIFF AND APPELLANT; *v.* WEST PORTO RICO SUGAR COMPANY ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action for Rescission of Contract and Damages.

No. 2357.—Decided November 30, 1920.

APPEAL — EXTENSION OF TIME — JURISDICTION. — When one month and thirteen days after the filing of the notice of appeal the court granted the appellant an extension of time for filing the statement of the case, the appeal will be dismissed. Such an extension is null and void and the fact that the appellee did not raise the question of jurisdiction in the district court in order to object to the granting of the extension is no defense for the appellant.

ID.—SERVICE BY PUBLICATION.—The period of ten days allowed the appellant by

the Code of Civil Procedure for filing the statement of the case can not be
considered as automatically extended by the fact that at the appellant's
instance the notice of appeal was served on one of the defendants by pub-
lication.

The facts are stated in the opinion.

*Mr. A. Nazario Lugo* for the appellant.

*Mr. J. B. García Méndez* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellee moves to dismiss because, it alleges, the exten-
sions of time for filing the statement of the case were nulli-
ties; hence, legally, there is no such statement and the tran-
script was not filed in this court within thirty days, as re-
quired by law.

Appellant mantains that the appeal may not be dismissed
because he has never received a copy of the certificate of the
clerk of the District Court of Mayagüez which the appellee
made a part of his motion. Granted this fact, while the
failure to notify this copy gives the appellant the privilege
of an extension of time or other relief in this court, it will
not in itself prevent the dismissal. Appellant was sufficiently
advised of the existence of this copy and asked for no relief
or extension.

Appellant maintains that at the time the motion was pre-
sented his time for filing a statement of the case had been
extended by the District Court of Mayagüez. The appellee
answers that this and previous extensions were made when
that court was without jurisdiction to make these extensions,
inasmuch as when the first application was made the time
for filing the statement had already expired. Indeed, the
case primarily falls within the principle announced in *Belaval
v. Córdova,* 21 P. P. R. 509, and that case necessarily is also
authority in opposition to the contention of the appellant
that the appellee may not move in this court to dismiss with-
out first having recourse to the district court. The lack of
jurisdiction to extend the time clearly appears.

Nor does it help the appellant that there was another

appellee and at the instance of the complainant-appellant she, a non-resident, was notified by publication. But this appellee was in reality a natural party complainant who was made defendant and who took no part in the trial. It would be this defendant alone who could complain of the lack of notice of the appeal and not the appellant who is nominally adverse to her.

The appeal must be

*Dismissed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.